IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **02-cv-997-JLK**

**MARK A. GARRISON, et al.,**

      Plaintiffs,

v.

**LOG LANE VILLAGE,**
**LARRY MUELLER, and**
**JOHN HOLT,**

      Defendants.

---

**ORDER**

---

Kane, J.

This civil rights action first arose out of complaints by a group of citizens that public officials and law enforcement officers of Log Lane Village near Ft. Morgan were routinely and pruposefully abusing their authority to harass and intimidate them on the basis of their race. Over the course of these proceedings, most of the Plaintiffs settled their claims. The only claims remaining are those of the Flores family and Vernon Jefferis. The matter is now before me on these Plaintiffs' written objections to the Magistrate Judge's separate December 16, 2005 Recommendations that summary judgment enter against them and in favor of Defendants on those claims.

Under Rule 72(b), Fed. R. Civ. P., my review of the Recommendations is *de novo* as to any portion to which specific written objection is made, and I may accept, reject, or modify the Recommendation under that standard. Because the Flores family and Jefferis

object to the Recommendations in their entirety, I review the entire Recommendation *de novo*. This means I must conduct a plenary review of the briefs and materials considered by the Magistrate Judge, and reach an independent conclusion on the merits of the underlying dispositive motions. I have done so, and ADOPT the December 16, 2005 Recommendations of the Magistrate Judge as Orders of the Court based on my *de novo* determination that

1. With respect to Jefferis's claim that Officer Holt violated his civil rights by stopping him in his vehicle and arresting him on a suspicion of driving while intoxicated while outside his jurisdiction as a Log Lane Village law enforcement officer, Jefferis has offered no viable legal authority for his assertion that Holt was required to have "conclusive evidence" to justify a stop outside his jurisdiction and has further failed to adduce sufficient evidence to avoid summary judgment that Officer Holt had probable cause to arrest him. Accordingly, Officer Holt is entitled to qualified immunity on Jefferis's claim that his arrest was unlawful because Holt required more than probable cause to stop Jefferis outside his jurisdiction. I read Jefferis's claim for "false imprisonment" as flowing from his claim under 42 U.S.C. § 1983 for false arrest in violation of the Fourth Amendment to the United States Constitution (and agree any state tort law claim premised on his arrest is barred for numerous reasons including by operation of the Colorado Governmental Immunity Act) and such a claim necessarily falls with that claim. Neither Officer Holt nor the Morgan County Sherrif can be liable for false

       imprisonment if the initial arrest was lawful.

2. Mrs. Flores's failure to adduce any evidence or competent legal theory to support her claims against Defendants is a failure principally of her counsel to engage in any serious or meaningful research to support any cause of action against them. The Flores claims are frivolous and groundless and should not have been made or pursued on the facts – existing or lacking – demonstrated in the record. Ms. Flores has failed to adduce any facts that would demonstrate the existence of any triable claims for relief under 42 U.S.C. § 1983.  I REFER the issue of attorney fees back to the Magistrate Judge, however, with orders to articulate the specific grounds for the fee award and for a determination of the amount of reasonable fees to be assessed.  I specifically agree that an award of fees to a prevailing *defendant* under 42 U.S.C. § 1988 is a matter to be approached with great reluctance and only in the most egregious of cases.  Given this general reluctance and a lack of cited authority in any event for assessing such a fee award against a losing plaintiff's counsel, rather than the plaintiff party, I direct the Magistrate Judge to consider the assessment of fees against counsel under the alternative authority afforded by Rule 11(c), Fed. R. Civ. P., or 28 U.S.C. § 1927.  If Rule 11 is chosen, the recitation of misconduct in the Magistrate's Recommendation may be incorporated by reference into an order to show cause for compliance with the provisions of Rule 11(c)(1)(B).

Based on the foregoing, IT IS ORDERED that Defendant Holt's Motion to

Dismiss or in the Alternative for Summary Judgment (Doc. 48) is treated as a Motion for Summary Judgment and is **GRANTED**. Judgment shall enter in favor of Defendant Holt and against Plaintiff Jefferis on each of Plaintiff's claims against him. Defendants' Motion for Summary Judgment as to the Flores Claims (Doc. 57) is also **GRANTED**. Judgment shall enter in favor of Defendants and against the Flores Plaintiffs on each of the Flores' claims against them. The assessment of attorney fees against the Flores is **REFERRED** back to the Magistrate Judge for further proceedings consistent with this Order.

These rulings resolve all of the substantive claims in this action. Judgment may enter, triggering the time for Plaintiffs to file any appeal. I retain jurisdiction over the issue of attorney fees, which, if ultimately sustained, may be appealed separately.

Dated this 20th day of January, 2006.

BY THE COURT:

s/John L. Kane  
JOHN L. KANE, SENIOR JUDGE  
UNITED STATES DISTRICT COURT