IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 02-cv-00997-JLK-MEH

MARK A. GARRISON, et al.,

     Plaintiffs,

v.

LOG LANE VILLAGE, et al.,

     Defendants.

---

## RECOMMENDATION FOR SANCTIONS

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

     This matter is before the Court on the Order to Show Cause issued January 24, 2006. United States District Judge John L. Kane referred this matter to this Court specifically to address the appropriate basis for sanctions in the form of an award of attorney's fees against Sarah Parker Allen, counsel for Plaintiff. Also pending is Plaintiff's Motion to Dismiss Show Cause Order [Docket #92]. An evidentiary hearing for sanctions was held on March 30, 2006, and the Court ordered supplemental briefing on the issue of whether a fine to the Court was an appropriate alternative sanction to the payment of Defendants' attorney's fees. The matter being fully briefed is now ripe for decision.

## I.    Factual and Procedural Background

     The Complaint initially filed in this case contained numerous plaintiffs asserting a variety of unrelated claims against several state Defendants. Some of these claims were settled, and all other claims were resolved on summary judgment. The first motion for summary judgment was filed on

December 30, 2003, and Plaintiff's counsel filed a response on January 22, 2004.  This response was stricken by Judge Kane for failure to follow the correct format, and Plaintiff's counsel filed a corrected response on January 30, 2004.  The Court granted this motion for summary judgment.  A second motion for summary judgment, this time on Flores' claims now at issue, was filed on June 29, 2004.  Plaintiff's counsel responded on July 16, 2004.  This response was based on an affidavit by Elisabeth Flores, rather than on the transcript of her deposition.  Magistrate Judge Schlatter found this to be a sham affidavit and recommended summary judgment against Elisabeth Flores.  In so doing, Magistrate Judge Schlatter also recommended that Plaintiff's counsel be required to pay Defendants' reasonable attorneys fees associated with these claims.  Judge Kane adopted the Recommendation, and explained: "Mrs. Flores' failure to adduce any evidence or competent legal theory to support her claims against Defendants is a failure principally of her counsel to engage in any serious or meaningful research to support any cause of action against them." Dock. #78.  Judge Kane referred the issue of attorney's fees back to the Magistrate for a determination of the proper legal basis for the award, particularly under Rule 11 and under 28 U.S.C. § 1927.

The parties briefed the issue of attorney's fees after the Court issued an Order to Show Cause on January 24, 2006.  Both parties agreed that Section 1927 would not be a proper basis, because it requires an element of bad faith that is not present in this case.  Defendants, therefore, sought attorney's fees under the Rule 11 standard, and Plaintiff's counsel responded based on the same standard.  Shortly before the show cause hearing, Plaintiff's counsel filed a Motion to Dismiss the Show Cause Order and argued that an award of attorney's fees could not be assessed *sua sponte* under Rule 11, but rather, opposing counsel must file a Rule 11 motion that allows for the proper safe-harbor period.  In response, Defendants rely on two Tenth Circuit cases in which the Court

2

awarded attorney's fees under Rule 11 without requiring a motion by the other party. Plaintiff's counsel also argues that the Order to Show Cause did not set forth the grounds for sanctions sufficiently to provide her with the notice required by Rule 11.

## II.    Show Cause Hearing

The record establishes the following facts regarding Ms. Allen's investigation of the case and conduct during these proceedings. Ms. Allen spoke with three other attorneys who are experienced in civil rights law before filing the instant lawsuit. She also relied on a treatise on civil rights litigation. The affidavit attached to her response to Defendant's motion for summary judgment is a summary of the deposition of Ms. Flores. Because Ms. Allen took this case *pro bono* for indigent clients, she did not have the resources to obtain the required number of copies of the deposition transcript. Instead, she asked Ms. Flores to sign a affidavit which Ms. Allen believed was an accurate summary of the testimony given by Ms. Flores at her deposition.

Regarding her ability to pay any sanctions, Ms. Allen stated that she is no longer practicing law in Colorado and is moving to Oklahoma with her husband. Ms. Allen and her husband own property in Oklahoma and were in the process of building a home in Colorado when they decided to move. She reported monthly income of approximately three thousand dollars.

## III.    Discussion

### A.    Legal Standard for Sanctions under Rule 11

An attorney's actions must be objectively reasonable to avoid Rule 11 sanctions. The objective standard allows sanctions to be based not simply on bad faith but also on counsel's incompetence. "Thus, plaintiffs may not shield their own incompetence by arguing that, while they failed to make a colorable argument, a competent attorney would have done so." *White v. General*

*Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990).   Importantly, a "good faith belief" in her clients'

claims is insufficient to avoid sanctions.   *See id.*

## B.     Procedural Requirements for Rule 11 Sanctions

Before a Court levies sanctions under Rule 11, due process requires that the Court first issue

a show cause order describing the potentially sanctionable conduct, followed by a reasonable

opportunity for the attorney to demonstrate how she has not violated the rule.   *Wasko v. Moore*, 172

Fed. Appx. 791, 793 (10th Cir. Feb. 24, 2006).   Plaintiff's counsel argues that the Order to Show

Cause is deficient in that it did not incorporate by reference Magistrate Judge Schlatter's previous

Recommendation for an award of attorney's fees as the grounds for sanctions.   The Court rejects this

argument for the following reasons.   First, Ms. Allen's briefing in response to the Order to Show

Cause, as summarized above, clearly indicates her understanding of the Court's basis for the Order

to Show Cause.   In fact, Magistrate Judge Schlatter's previous Recommendation, as well as Judge

Kane's partial acceptance of that Recommendation and the accompanying re-referral for the issue of

attorney's fees, clearly indicates the basis for sanctions in this case.

Second, Ms. Allen received a hearing on the Order to Show Cause which allowed her to

present all arguments and attack all bases for the Court's Order to Show Cause.   In fact, Ms. Allen

filed a Motion to Dismiss the Order to Show Cause setting forth her arguments as to why the hearing

was improper.   The hearing was rescheduled to allow both parties to fully brief this issue.

Third, this matter is before this Court for Recommendation only.   The award of sanctions is

left to Judge Kane, thus providing Ms. Allen with yet another opportunity to be heard on this issue,

via any objection to the Recommendation, before sanctions are levied.   The Court concludes that the

procedures followed in this case have provided Ms. Allen with adequate notice of her sanctionable

conduct and presented sufficient opportunity for her to respond.  *See Hutchinson v. Pfeil*, 208 F.3d 1180, 1184 (10th Cir. 2000).

Plaintiff's counsel also argues that an award of attorney's fees is only appropriate on motion by opposing counsel and cannot be awarded under Rule 11 *sua sponte*.  Defendants rely on *Wasko v. Moore*, 122 Fed. Appx. 403 (10th Cir. Feb. 1, 2005) and *Sieverding v. Colorado Bar Ass'n*, 126 Fed. Appx. 457 (10th Cir. April 22, 2005), as examples of courts awarding attorney's fees *sua aponte* against a party under Rule 11.  The Tenth Circuit has previously concluded that "Rule 11(c)(2) prohibits a court acting on its own initiative from ordering payment of a monetary penalty to an opposing party."  *Hutchinson*, 208 F.3d at 1184 (citing cases).  And, in fact, the comment to Rule 11 states:

> Since the purpose of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty. . . . [T]he rule authorizes the court, if requested in a motion and if so warranted, to award attorney's fees to another party. . . . The power of the court to act on its own initiative is . . . through a show cause order. . . . [A] monetary sanction imposed after a court-initiated show cause order [is] limited to a penalty payable to the court.

Fed. R. Civ. P. 11 cmt. (1993).  Other circuits have also adopted this approach.  *E.g.*, *Johnson v. Waddell & Reed*, 74 F.3d 147, 152 (7th Cir. 1996) ("[W]here sanctions are imposed under Rule 11(c)(1)(B) by the district judge on his own initiative, Rule 11(c)(2) provides that payment of sanctions may be directed only to the court as a penalty.").

Although the cases cited by Defendants have allowed attorney's fees to be awarded *sua sponte* under Rule 11, both cases involved *pro se* plaintiffs.  Unfortunately, neither case includes any analysis of this issue or attempts to distinguish the holding in *Hutchinson* or other cases that follow that reasoning.  Because the majority of case law, and the comment to Rule 11, support Plaintiff's

5

position, the Court concludes that it is proper to limit any sanctions to a penalty paid to the Court.

### C.   Whether Sanctions are Appropriate in this Case

Sanctions are only appropriate if Ms. Allen's actions in this case are not objectively reasonable.  Under Rule 11, Ms. Allen has a duty to investigate her clients' claims and determine whether the legal arguments presented are frivolous before filing a Complaint.  Fed. R. Civ. P. 11(b)(2) and (3).  In this regard, Judge Kane concluded,  "Mrs. Flores' failure to adduce any evidence or competent legal theory to support her claims against Defendants is a failure principally of her counsel to engage in any serious or meaningful research to support any cause of action against them." Dock. #78.

The question left to this Court is whether the research efforts Ms. Allen described at the show cause hearing alleviate this failure.  Applying an objective standard, the Court concludes that it does not.  While Ms. Allen spoke with three attorneys regarding the claims in the Complaint and consulted a legal treatise, a review of existing case law and Colorado Revised Statutes would have revealed to Ms. Allen the lack of legal foundation for these claims, as discussed in Magistrate Judge Schlatter's Recommendation and in Judge Kane's partial adoption of that Recommendation.   Thus, the Court concludes that the evidence presented by Ms. Allen at the show cause hearing does not establish an objective basis for the claims presented by Plaintiffs in this case.

The Court must next determine the amount of any sanction.  The purpose of such a sanction is deterrence and should be limited to what the Court reasonably believes is necessary to deter Ms. Allen from similar conduct in the future.  *Dodd Ins. Servs, Inc. v. Royal Ins. Co.*, 935 F.2d 1152, 1159 (10th Cir. 1991).  In addition, ability to pay the sanction "should be treated like an affirmative defense, with the burden upon the parties being sanctioned to come forward with evidence of their

6

financial status." *Id.* at 1160 (citations and internal quotations omitted).  Here, Ms. Allen presented

no documentation to support the testimony on her financial status.  Although Ms. Allen testified that

the majority of her assets are encumbered beyond their fair market value, Ms. Allen does have

income-producing property in Oklahoma.  Because Ms. Allen testified that she no longer intends to

practice law and is moving to Oklahoma, the Court believes that a sanction equivalent to Defendant's

attorney's fees, approximately $10,000.00, is inappropriate.  Based on the Court's analysis of Ms.

Allen's ability to pay and the conduct deemed to be sanctionable, the Court recommends that Ms.

Allen be sanctioned in the amount of three thousand dollars ($3,000.00).

## IV.   Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's counsel,

Sarah Parker Allen, be sanctioned in the amount of three thousand dollars ($3,000.00), to be paid to

the registry of the Court.  The Court further RECOMMENDS that Plaintiff's Motion to Dismiss

Show Cause Order [Filed March 2, 2006; Docket #92] be **denied**.  Plaintiff's counsel received

adequate notice and an opportunity to respond as required by Rule 11.  Under Fed. R. Civ. P 72, the

parties shall have ten (10) days after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1]  The party filing objections must specifically identify those findings or recommendations
to which the objections are being made.  The District Court need not consider frivolous,
conclusive, or general objections.  A party's failure to file such written objections to proposed
findings and recommendations contained in this report may bar the party from a *de novo*
determination by the District Judge of the proposed findings and recommendations.  *United States
v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file
written objections to the proposed findings and recommendations within ten (10) days after being
served with a copy of this Recommendation may bar the aggrieved party from appealing the
factual findings of the Magistrate Judge that are accepted or adopted by the District Court.
*Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir.
1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Dated at Denver, Colorado this 10th day of August, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge